IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


AARON K. CARLTON                                                              PLAINTIFF

V.                               NO. 14-5213
CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT


**MEMORANDUM OPINION**


Plaintiff, Aaron K. Carlton, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on January 23, 2012, alleging an inability to work since February 8, 2010, due to lower back problems and a learning disability. (Tr. 133-142, 162, 168). An administrative hearing was held on October 18, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 37-65).

By written decision dated February 13, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

degenerative disc disease, borderline intellectual functioning, and asthma. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb ramps and stairs and never climb ladders, ropes of scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. He must avoid concentrated exposure to fumes, odors, dust, gases and poorly ventilated areas. He is limited to jobs that do not require complex written communications. He is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but there were other jobs Plaintiff would be able to perform, such as production worker (lens inserter optical); hand packager; and machine tender/grinder/operator. (Tr. 20-21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on May 5, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

2

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues in this matter:   1)   Whether the ALJ erred in finding Plaintiff's impairments did not meet a listing;  2) Whether the ALJ erred in his RFC assessment and the weight he gave the opinions of the physicians;   3) Whether the ALJ properly considered Plaintiff's impairments in combination;  4) Whether the ALJ erred in his credibility analysis;   and 5) Whether the ALJ erred in finding Plaintiff was capable of performing other work. (Doc. 10).

### A.     Whether the ALJ considered Plaintiff's Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 12).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 12).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 12).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments.  (Tr. 13).  This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

### B.     Whether Plaintiff's Impairments met a Listing;

"The claimant has the burden of proving that his impairment meets or equals a listing."  Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004).  "To meet a listing, an impairment must meet all of the listing's specified criteria."  Id.  "To establish equivalency, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'"  Carlson v. Astrue, 604 F.3d 589, 594 (8th Cir. 2010), quoting from Sullivan v. Zebley, 493 U.S. 521, 531 (1990).  "[W]hen determining medical equivalency, an impairment can be considered alone or in combination with other impairments."  Carlson, 604 F.3d at 595.

The Eighth Circuit has held that while it may be preferable that an ALJ address a specific listing, the failure to do so is not reversible error if the record supports the overall conclusion.  See Pepper ex rel. Gardner v. Barnhart, 342 F.3d 853, 855 (8th Cir. 2003).

Listing 1.04 provides:

*Disorders of the spine* (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture, resulting in compromise of a nerve root (including the cauda equine) or the spinal cord. With:

A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);  or

B.  Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

C.  Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively as defined in 1.00B2b.

Plaintiff, who has the burden of proof on this issue, has not presented evidence showing he meets or equals the criteria required in A, B, or C, and the Court finds that Defendant has carefully set forth the reasons Plaintiff has failed to meet this burden in her Appeal Brief. (Doc. 11 at pgs. 4-6).

Based upon the foregoing, and for those reasons set forth in Defendant's brief, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's back impairment does not meet or medically equal Listing 1.04.

**C.     Whether the ALJ erred in his Credibility Analysis:**

Plaintiff argues that the ALJ discounted his subjective complaints for several reasons, most of which are not supported by the record.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible for the reasons explained in his decision.  The ALJ went on to discuss Plaintiff's daily activities, noting that he lived alone in a house, cared for a dog with no assistance from anyone, cleaned his house with help, and did laundry. (Tr. 17).  He also observed that no physician placed any functional restrictions on his activities that would preclude work activity with the previously mentioned restrictions. (Tr. 17).  The ALJ noted that Plaintiff testified that his medications helped with his pain and that on October 22, 2010, Plaintiff reported working on his car and aggravated his chronic back pain, and on May 26, 2011, Plaintiff reported he was doing "okay," except when he climbed under his house (Tr. 252,

7

346). These are not the types of activities that someone with disabling pain would attempt to perform.  It is also noteworthy that Plaintiff continued to smoke, and was chastised by Dr. Poemoceah because he was coughing to the point where he was passing out at times. (Tr. 269).  See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003).

Based upon the foregoing as well as those reasons given in Defendant's well stated brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

### D. Whether the ALJ erred in his RFC Determination and the Weight he Gave to the Physicians' Opinions:

Plaintiff argues that the ALJ improperly evaluated the opinion of Dr. Kenneth Poemoceah, Plaintiff's treating physician.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v.

8

Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id

In his decision, the ALJ discussed Dr. Poemoceah's Vertebrogenic Disorder Statement that he completed on August 17, 2012, wherein he checked two boxes - one indicating that Plaintiff could perform less than sedentary work, and one indicating that Plaintiff could perform no work whatsoever. (Tr. 18). The ALJ properly discounted Dr. Poemoceah's checkmark which indicated Plaintiff could perform no work whatsoever, as it was not supported by his own examinations of Plaintiff and the record as a whole. (Tr. 18). Further, Dr. Poemoceah's opinion that Plaintiff could perform "no work whatsoever" is a conclusory opinion, which is reserved for the Commissioner. See Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010); Brown v. Astrue, 611 F.3d 941, 952 (8th Cir. 2010); Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996); 20 C.F.R. §§ 404.1527(d)(1), (3).

416.927(d)(1),(3). The ALJ also found that Dr. Poemoceah's opinion that Plaintiff could perform less than sedentary work was within his RFC determination.

The ALJ gave some weight to the opinion of non-examining physician, Dr. Ronald Davis, who completed a Physical RFC Assessment on February 29, 2012, and found that Plaintiff was capable of performing light work with occasional postural limitations. (Tr. 321). This finding was affirmed by Dr. Bill F. Payne on May 11, 2012. (Tr. 324).

It is noteworthy that in Dr. Poemoceah's most recent medical records dated March 11, 2013, and April 10, 2013, Plaintiff was reported as "doing good on current medications, having no ill-effects, wants to continue on current medicines." (Tr. 383, 385). Dr. Poemoceah also reported on March 11, 2013, that Plaintiff's degenerative joint disease was stable, and that Plaintiff was in no acute distress on March 11, 2013, and April 10, 2013. (Tr. 383, 385). The ALJ considered all of the medical records and opinions of all of the physicians, Plaintiff's allegations, and Plaintiff's daily activities. He also considered the mental evaluations performed by Dr. Jason Glass, a consultative examiner, and Brad Williams, Ph.D., and gave both opinions great weight. (Tr. 19). The ALJ's RFC incorporates the physical and mental limitations that are supported by the record.

The Court finds that based upon the record as a whole, as well as for those reasons given in Defendant's well stated brief, there is substantial evidence to support the ALJ's RFC determination.

### E. Whether the ALJ erred in Finding Plaintiff was Capable of Performing Other Work:

At the hearing held before the ALJ on October 18, 2012, the ALJ posed the following hypothetical question to the VE:

10

> Hypothetical number one. Assume an individual with the same age, education, and work experience as that of the claimant who is able to lift and/or carry 10 pounds occasionally; lift and/or carry less than 10 pounds frequently; stand and/or walk two hours out of an 8 hour workday with normal breaks; sit six hours out of an eight hour workday with normal breaks; push and pull with limitations pursuant to our lift/carry limitations; able to climb ramps and stairs occasionally; able to climb ladders, ropes, and scaffolds never; able to balance, stoop, kneel, crouch, and crawl occasionally; must avoid concentrated exposure to fumes, odors, dust, gases, and poorly ventilated areas; limited to jobs that do not require complex, written communication; able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables, and little judgment; and supervision required is simple, direct, and concrete. Could an individual with these limitations perform claimant's past work as it was actually performed or as we discussed primarily performed pursuant to the DOT?
>
> A: Could not return to either of those jobs.
>
> Q: All right. Addendum to hypothetical number one.…Would there be any jobs this individual could perform that exist in the national or regional economies?

(Tr. 60). In response to the Addendum, the VE stated Plaintiff would be able to perform the jobs of production worker (lens inserter, optical); hand packager; and machine operator tenders (convex-grinder operator). (Tr. 60).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing such jobs as production worker (lens inserter, optical); hand packager; and machine operator tenders (convex-grinder operator) .Pickney v. Chater, 96 F.3d 294, 296 (8th Cir.

1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.     Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 8th day of September, 2015.


*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE